FILED
AUG 18 2006
Aug 18 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Darrell M. Ciofalo<br><br>     Plaintiff<br><br>v.<br><br>Illinois Central Railroad Company, a<br>Corporation d/b/a Canadian National/<br>Illinois Central Railroad (CN/IC)<br><br>     Defendant. | 06CV4490<br>**JUDGE GOTTSCHALL**<br>**MAG. JUDGE COLE**<br><br>Trial by Jury Demanded |

## COMPLAINT AT LAW

Now comes the Plaintiff, Darrell M. Ciofalo, by and through his attorney, James T. Foley and Hoey & Farina and for his Complaint against the Defendant, Illinois Central Railroad Company, a Corporation d/b/a Canadian National/Illinois Central Railroad (hereinafter CN/IC) states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C. § 56 and Title 28 U.S.C. § 1331.

2. This action arises under, and the rights and liabilities of the parties to this case are governed by, the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq.

3. On August 27, 2003, and at all pertinent times, Defendant CN/IC was and is a railroad corporation doing business in the State of Illinois.

4. On August 27, 2003, and at all pertinent times, Defendant CN/IC owned and operated a railroad in Interstate Commerce.

5. On August 27, 2003 and at all pertinent times, Plaintiff Darrell M. Ciofalo was a resident of Homewood, Cook County, Illinois.

6. On August 27, 2003 and at all pertinent times, Plaintiff was employed by Defendant CN/IC as a Machinist.

7. On August 27, 2003, at or about 12:01 a.m., and at all pertinent times, Defendant CN/IC owned, maintained, managed and used as a portion of its railroad system, a facility known as the Wood Crest Round House located in Homewood, Illinois.

8. On August 27, 2003, at or about 12:01 a.m., and at all pertinent times, Plaintiff was performing work for Defendant CN/IC in connection with or in furtherance of Defendant's business of Interstate Commerce and Transportation.

9. In the course of his duties as a machinist on August 27, 2003, at or about 12:01 a.m., at the Defendant's Woodcrest Round House, Plaintiff was required to perform work on Defendant's locomotive engines in the "pit"

10. On August 27, 2003, at or about 12:01 a.m. while Plaintiff was performing work as a Machinist for Defendant on one of its locomotive engines in the pit at the Woodcrest Round House, and while using a defective ladder that was provided to him by Defendant, Plaintiff was caused to fall violently from the defective ladder, landing on his right knee and body suffering in serious and permanent injury.

11. As a result of falling from the defective ladder on or about August 27, 2003, at or about 12:01 a.m., Plaintiff Darrell M. Ciofalo was seriously and permanently injured.

12. It was the continuing duty of the Defendant CN/IC, as Plaintiff's employer, at the time and place in question, to provide Plaintiff with a reasonably safe place to work; to provide reasonably safe conditions in which to work; to provide reasonably safe equipment and to provide reasonably safe and well trained fellow employees to work with the Plaintiff.

13. In violation of its duty Defendant CN/IC negligently and carelessly failed to provide Plaintiff Darrell M. Ciofalo with a safe place to work by committing one or more of the following negligence acts or omissions.

   a. Failed to properly inspect and maintain its work areas and equipment used by its employees so that the same became hazardous to its employees;

   b. Carelessly and negligently provided Plaintiff with a defective ladder;

   c. Failed to warn Plaintiff that the ladder it provided him to work was defective, when it knew the ladder was defective and use of the ladder was not safe, reasonable or proper;

   d. Failed to properly, adopt, install implement and enforce a safe method and procedure for the inspection of ladders and tools used in its system;

   e. Failed to properly illuminate the pit in which the Plaintiff was required to work in at the time of the complained of incident;

   f. Negligently and carelessly failed to provide adequate assistance to Plaintiff for the safe performance of his job task;

   g. Failed to adequately instruct, train monitor and supervise;

   h. Failed to properly and sufficiently clean, maintain, repair and modify its work areas, including the pit in which the Plaintiff was required to work in at the time of the complained of incident;

   i. Violated certain regulations standards and requirements in force or prescribed by the Secretary of Transportation through the F.R.A. and through OSHA.

   j. Was otherwise careless and negligent in failing to provide Plaintiff with a safe place in which to work.

14. Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent act or omissions caused, in whole or in part, Plaintiff's injury

15. As a consequence, Plaintiff incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has and will in the future be kept from attending to his ordinary affairs and duties and

3

has lost and will lose great gains which he otherwise would have made and acquired; as a further result he has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

16. Plaintiff demands trial by jury.

Wherefore, the Plaintiff, Darrell M. Ciofalo demand judgment in his favor and against Defendant CN/IC in a sum of $1,000,000.00 plus the cost of this suite.

Respectfully submitted,

Darrell M. Ciafalo

By: _____
Attorney for Plaintiff

James T. Foley
Hoey & Farina
542 South Dearborn Street, Suite 200
Chicago, IL 60605
Tel:   (312) 939-1212
Fax:   (312) 939-7842
JFoley@hoeyfarina.com